

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1 | **DATE** | 5/19/2003 |
| **CASE TITLE** | | Robinson vs. Belom | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The appellee's motion to dismiss the appeal (8) is granted. Robinson's appeal is dismissed. The appellant's motion to joinder the bankruptcy court order imposing sanctions (12) is denied. Ray Pratt's petition for writ of mandamus and/or writ of prohibition (17) is denied. Ray Pratt's petition for habeas corpus ad subjiciendum and ad faciendum faciendum et recipiendum is denied. All other findings submitted by Ray Pratt are stricken from the record. Pratt is ordered to show cause in writing by 6/6/3/03 why he should not be held in contempt of court or otherwise sanctioned for engaging in the unauthorized practice of law.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAY 2 1 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 20 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | FILED FOR DOCKETING Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

| | |
|---|---|
| SIMEON ROBINSON,<br><br>    Appellant,<br><br>vs.<br><br>JOHN BELOM, as Trustee of the LFG<br>Liquidation Trust,<br><br>    Appellee. | Case No. 03 C 0001 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

This is an appeal from the United States Bankruptcy Court. On November 15, 2002, the bankruptcy court denied Simeon Robinson's motion for an extension of time to appeal an order issued by the court on October 16, 2002. The October 16 order denied Robinson's second motion to reconsider the court's May 7, 2002 decision to deny his claim against LFG's bankruptcy estate. Robinson now appeals from the bankruptcy court's November 15, 2002 order. John Belom, trustee of the LFG Liquidation Trust, and the appellee here, has moved to dismiss the appeal. Belom contends that Robinson is improperly seeking review of the court's May 7, 2002 denial of his bankruptcy claim, and that he has raised no issues on appeal relating to the court's November 15 decision denying Robinson's motion for extension of time. For the reasons stated below, we agree that Robinson's appeal is improper.

### Factual Background

Though Robinson's appeal concerns only the issue of whether the bankruptcy court properly

denied the Motion for Extension of Time to Appeal filed by Robinson on November 8, 2002, we cannot properly address Belom's motion to dismiss without reference to facts that have developed over the course of an ongoing dispute between Robinson and the former debtor in bankruptcy, LFG, LLC. The following facts provide some context for the appeal now before the court.

On May 24, 2000, Simeon Robinson filed a reparations complaint against LFG, LLC and several other defendants before the Commodity Futures Trading Commission. *See* R., Bankr. Dkt. # 311, Ex. A (July 2, 2001 opinion of ALJ Levine dismissing with prejudice Robinson's reparations complaint) at 6. He alleged that LFG, as the guarantor for a commodities trading brokerage, mishandled an options and futures account that Robinson had maintained from September through December of 1999. *Id.* at 2. He sought over $359,000 in damages. *Id.* at 10. On April 9, 2001, however, LFG filed a voluntary petition under Chapter 11 of the Bankruptcy Code, and was dismissed from the case without prejudice. Belom's Mot. ¶¶ 1-2. On July 2, 2001, Robinson's reparations complaint was dismissed with prejudice as to all of the remaining defendants. R. Bankr. Dkt. # 311, Ex. A.

In the meantime, Robinson pursued his claim against LFG in the United States Bankruptcy Court for the Northern District of Illinois. On May 17, 2001, he filed a proof of claim against LFG's estate, claiming that the CFTC had actually granted him a reparations award against LFG in the amount of $359,400.35. Supp. R., Ex. 21 (Robinson's Proof of Claim). LFG filed an objection, and on May 7, 2002, the bankruptcy court issued an order disallowing Robinson's claim and barring any future claim that he might file against the estate. Robinson did not seek to appeal the denial of his claim, and his last possible opportunity to do so (assuming extensions had been sought and granted) expired on

2

June 6, 2002. *See* Fed. R. Bankr. P. 8002. On June 6, 2002, however, Robinson filed a motion for reconsideration of the May 7 order. That motion was denied on June 26, 2002. Robinson did not file a notice of appeal following the denial. On October 8, 2002, Robinson again moved for reconsideration of the court's May 7 order. That motion was denied on October 16, 2002.

On November 8, 2002, Robinson filed a notice of appeal from the court's October 16 order denying his second motion for reconsideration. Because the time for appealing the order had expired, Robinson also submitted a motion for extension of time to file his notice of appeal. Following a hearing, on November 15, 2002, the bankruptcy court denied Robinson's motion to extend time. The appeal currently before this Court concerns this last order: the bankruptcy court's November 15, 2002 order denying Robinson's motion for extension of time. In his response to Belom's motion to dismiss the appeal, however, Robinson raises issues related to some additional procedural history in this case which we should explore briefly.

On January 17, 2003, the bankruptcy court issued an order imposing sanctions on Robinson and a third party, Ray Pratt, for their actions during the administration of LFG's bankruptcy case. The court determined that Robinson and Pratt had engaged in "vexatious, unreasonable, frivolous and serial bad faith behavior." Order of Jan. 17, 2003, Bankr. Dkt. # 605. Robinson and Pratt were given 7 days to pay $58,927.50 in sanctions assessed against them jointly and severally. *Id.* On March 6, 2003, because they had failed to pay the sanctions, the court held both Robinson and Pratt in civil contempt, assessed against them an additional $2,500 in sanctions, and ordered a body attachment with bail set at $50,000. Order of March 6, 2003, Bankr. Dkt. # 653. Additional sanctions were later issued against Pratt. On April 18, 2002, the court determined that Pratt, a layperson unauthorized to

3

practice law, had provided legal assistance to Robinson in matters before the court. Order of April 18, 2002, Bankr. Dkt. # 381. The order prohibited Pratt from preparing any "pleading, objection, motion, or other document" on behalf of Robinson or any other party in interest to the bankruptcy case. *Id.* On March 6, 2003, the court issued an order holding Pratt in contempt for his continued unauthorized practice of law. Order of March 6, 2003, Bankr. Dkt. # 654. The court directed Pratt to pay $10,000 in sanctions and ordered a body attachment with bail set at $50,000. *Id.*

In his response to Belom's motion to dismiss, Robinson seeks to amend his notice of appeal to include a review of the bankruptcy court's January 17, 2003 order imposing sanctions. In addition, Pratt has filed several papers before this Court, adopting the caption and case number assigned to Robinson's appeal, and seeking relief from each set of sanctions and contempt orders entered against him.

## Discussion

Belom's motion, along with the various papers filed by Robinson and Pratt in response, has brought to our attention several concerns related to Robinson's appeal. The primary issue before the Court, however, is whether the appeal should be dismissed, and we address that question first.

### I. Robinson's Appeal

As the notice of appeal makes plain, Robinson has appealed the Bankruptcy Court's order of November 15, 2002. That order denied Robinson's November 8, 2002 motion for extension of time to file a notice of appeal from the court's October 16, 2002 order denying Robinson's second motion for reconsideration. The basis for the bankruptcy court's November 15, 2002 decision appears, in part, on the face of the order, which states: "For the reasons stated in open Court, including but not

4

limited to Movant's failure to comply with Rules 8002(a) and 8002(c), the motion is denied." R., Bankr. Dkt. # 568. Federal Rule of Bankruptcy Procedure 8002(a) provides that a "notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." A motion to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, "except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect." Fed. R. Bankr. P. 8002(c). The record on appeal shows that Robinson's November 8, 2002 motion for extension of time to appeal the court's order of October 16 was filed after the 10 day period provided for by Rule 8000(a), but within the additional 20 day window provided for by Rule 8000(c) during which the bankruptcy court has discretionary authority to grant a motion to extend. *See* R., Bankr. Dkt. ## 550, 564. A transcript of the hearing on Robinson's motion before Bankruptcy Judge Black, however, reveals that the bankruptcy court decided that Robinson had not shown excusable neglect and, therefore denied his motion to extend as untimely. Supp. R., Transcript of Proceedings Before Judge Black, November 13, 2002, pp. 6-7.

Given the basis for the bankruptcy court's order, there are a limited number of issues that Robinson might raise on appeal. The most obvious question would appear to be whether the bankruptcy court abused its discretion by deciding that Robinson did not satisfy his burden of showing excusable neglect. *See, e.g., In re Singson,* 41 F.3d 316, 320 (7th Cir. 1994) (applying abuse of discretion standard to review bankruptcy court's determination that a party failed to show excusable neglect); *Pearson v. Gatto,* 933 F.2d 521, 524 (7th Cir. 1991) ("[w]e review a district court's decision to grant or deny a motion for extension of time to file a notice of appeal for abuse of

discretion"). In any event, to challenge the bankruptcy court's November 15 order, Robinson must direct this Court's attention to some alleged error in that ruling or the process that led to its issuance. He has failed to do so. Though Robinson has submitted a statement of issues on appeal as required by Bankruptcy Rule 8006, none of the 12 issues he identifies relates to the bankruptcy court's decision to deny his motion for extension of time. Rather, most of them concern the merits of his claim against LFG's bankruptcy estate. *See* Appellant's Stmt. of Issues, 1, 3-8, 11.[1] The remaining issues are really fraud allegations against LFG and its estate. *Id.* at 2, 9-10, 12.[2] Robinson's appellate brief does nothing to remedy this problem. Instead, the brief is devoted to lengthy arguments in support of Robinson's theories that LFG has violated the Racketeer Influenced and Corrupt Organizations Act and that the bankruptcy court ought not to have entered the May 7, 2002 order disallowing his claim. The brief addresses neither Robinson's November 8, 2002 motion for extension of time to appeal nor the bankruptcy court's order denying that motion.

Belom argues that Robinson's failure to identify a single issue on appeal pertaining to the bankruptcy court's November 15, 2002 denial order constitutes grounds to dismiss the appeal. We agree. Though Robinson has filed a notice of appeal from the November 15 order, it is clear to us that he is seeking review of the bankruptcy court's May 7, 2002 decision rejecting his claim against LFG's

---

[1] Issue 1 and issues 3-6 raise questions as to the legal effect on Robinson's bankruptcy claim of the CFTC's decision to dismiss his reparations complaint. Issues 7-8 ask this Court to consider certain facts and circumstances that Robinson asserts support his claim against LFG's estate. Issue 11 concerns the effect on his bankruptcy claim of Robinson's absence from the court's May 1, 2002 hearing to decide LFG's objection to his claim.

[2] Issues 2, 9-10 and 12 ask this Court to consider whether LFG violated the Racketeer Influenced and Corrupt Organizations Act either prior to or during the administration of its bankruptcy case and whether LFG's alleged RICO violations ought to have disqualified it from enjoying the protections of bankruptcy law.

estate, an order over which we have no appellate jurisdiction. His last opportunity to appeal that order, or to file a motion for an extension of time to do so, expired on June 6, 2002, twenty days after the ten day period for filing a notice of appeal had elapsed. *See* Fed. R. Bankr. P. 8002(a), 8002(c). Even were we to assume that Robinson's filing on June 6 of a motion for reconsideration served to toll the time for filing a notice of appeal, that motion was denied on June 26, 2002, and Robinson did not take timely steps to appeal following the denial. Thus, the only matter properly before this Court is the single order from which Robinson timely appealed: the November 15, 2002 denial of his motion for extension of time. Because Robinson has offered no argument in support of a finding that the bankruptcy court abused its discretion by denying that motion, his appeal cannot proceed.

We acknowledge that Robinson is pursuing this appeal *pro se* and that he may well be unfamiliar with the procedural requirements for obtaining review of judicial decisions. But his filings before this Court and his record before the bankruptcy court evidence something more than a series of procedural missteps. Rather, Robinson has chosen repeatedly to disregard judicial authority. As we have discussed, Robinson has been sanctioned by the bankruptcy court for "vexatious, unreasonable, frivolous and serial bad faith behavior." *See* Order of Jan. 17, 2003, Bankr. Dock # 605. And though he has been held in civil contempt for failure to pay those sanctions, the sanctions remain unpaid. The Seventh Circuit has indicated that parties who fail to pay sanctions in violation of a court's order, even parties proceeding *pro se*, should not be allowed to continue litigating in this Circuit. *See Support Systems International, Inc. v. Richard Mack*, 45 F.3d 185 (7th Cir. 1995); *In the Matter of Maurice,* 69 F.3d 830, 834-35 (7th Cir. 1995). Thus, even if Robinson had properly raised an issue for appeal, he arguably would be barred from presenting his case to this Court.

## II. Sanctions and Contempt Orders

Though the case is currently before the Court on Belom's motion to dismiss, we must resolve a few separate matters raised in Robinson's response and in various filings submitted by Ray Pratt, a third party who has apparently acted as Robinson's legal counsel here and in the bankruptcy proceedings below. First, we address Robinson's "Motion to Joinder Bankruptcy Court Order Imposing Sanctions."

In his response to Belom's motion to dismiss, and in a separate motion filed on March 11, 2003, Robinson asks the Court to review the bankruptcy court's January 17, 2003 order imposing sanctions. We are without jurisdiction to do so. To obtain review of that order, Robinson was required to file in the bankruptcy court a timely notice of appeal. Fed. R. Bankr. P. 8001. But the time for filing a notice of appeal has long ago expired, and Robinson failed to take the appropriate steps to file one. Because the requirement of filing a timely notice of appeal is "mandatory and jurisdictional," *see In re Bond*, 254 F.3d 669, 673 (7th Cir. 2001) (citing *Stelpflug v. Federal Land Bank of St. Paul*, 790 F.2d 47, 49 (7th Cir. 1986)), this Court is without jurisdiction to review the sanctions order.

The remaining issues before us concern Ray Pratt's efforts to obtain review of the bankruptcy court's January 17, 2003 order imposing sanctions and its March 6, 2003 order holding Pratt in civil contempt. First, Pratt is not a party to this appeal, which as we have noted involves Robinson's challenge to the bankruptcy court's denial of his motion for extension of time. In any event, Pratt's attempts to pursue as part of this case an appeal from the bankruptcy court's sanctions and contempt orders would be defective for the same reason that Robinson's effort to appeal the court's sanctions

order fails. Specifically, Pratt did not file a notice of appeal from any of the bankruptcy court's orders, and we therefore lack jurisdiction to review those orders. It makes no difference that Pratt has styled his papers as a "Petition for Writ of Mandamus" and a "Petition for Writ of Habeas Corpus Ad Subjiciendum And Ad Faciendum Et Recipiendum." Both of these "petitions" seek review of the bankruptcy court's orders imposing sanctions and holding Pratt in civil contempt. It is well established that mandamus is an extraordinary remedy and one that cannot serve as a substitute for appeal. *Ex parte Fahey*, 332 U.S. 258, 260 (1947). And Pratt's petition for habeas corpus is simply misplaced: he is not being held in custody, and we have no reason to order him to appear before the court. Pratt's filings before this Court are stricken in their entirety.

### III.     Unauthorized Practice of Law

Finally, we must address the institutional concerns raised by Pratt's apparent role in providing Robinson with legal assistance during this appeal. Though we have ordered stricken from the record Pratt's submissions regarding the sanctions imposed upon him, we are compelled to acknowledge his affidavit "stating assistance to appellant in preparing and writing the appeal of the bankruptcy court order and brief in support of the appeal of the bankruptcy court order." *See* Pratt Affidavit. Though Pratt states that he "do[es] not represent Robinson in the matter of the bankruptcy case or on the appeal," he concedes that he assisted Robinson "in the research, drafting and writing of his appeal." *Id.* This affidavit is arguably an admission by Pratt that he is practicing law without a license in violation of both Illinois state law and the rules of this Court. *See* 705 ILCS 205/1; N.D. Ill. Local Rule 83.15; *see also United States v. Johnson*, No. 02-1334, 2003 WL 1923831 (7th Cir. April 24, 2003) (providing any advice or other service "'requiring the use of any legal skill or knowledge ... amounts to

9

practicing law'") (quoting *People v. Peters*, 10 Ill. 2d 577, 141 N.E.2d 9, 11 (1957)). As we have discussed, the bankruptcy court has already sanctioned Pratt for his unauthorized practice of law. *See* Order of April 18, 2002 (directing Pratt to cease the unauthorized practice of law), Bankr. Dkt. # 381; Order of March 6, 2003 (holding Pratt in contempt and sanctioning him for failure to comply with April 18, 2002 order), Bankr. Dkt. # 654. But these sanctions have gone unpaid, and they have not deterred Pratt from acting as Robinson's legal counsel during this appeal. This Court has a duty to safeguard the integrity of the legal profession, and it is within our power to impose additional sanctions on Pratt to assure his compliance with the law. *See Johnson*, 2003 WL at *3 (a federal court has the inherent power to sanction a non-lawyer for practicing law without a license). We cannot, however, consider imposing sanctions upon Pratt until he is afforded an opportunity to be heard. Accordingly, Pratt is ordered to show cause in writing within 14 days why he should not be held in contempt of court or otherwise sanctioned for engaging in the unauthorized practice of law.

## CONCLUSION

For the reasons stated above, the appellee's motion to dismiss the appeal [docket item 8] is granted. Robinson's appeal is dismissed. The appellant's motion to joinder the bankruptcy court order imposing sanctions [docket item 12] is denied. Ray Pratt's petition for writ of mandamus and/or writ of prohibition [docket item 17] is denied. Ray Pratt's petition for habeas corpus ad subjiciendum and ad faciendum et recipiendum is denied. All other filings submitted by Ray Pratt are stricken from the record. Pratt is ordered to show cause in writing within 14 days why he should not be held in contempt

of court or otherwise sanctioned for engaging in the unauthorized practice of law.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: May 19, 2003